UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTINE HUNSAKER, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )   **CIVIL ACTION FILE NO.:** |
| | )   **6:18-cv-1996-Orl-22DCI** |
| v. | ) |
| | ) |
| **FOUNDATION PARTNERS GROUP,** | ) |
| LLC, a Florida Corporation, and | ) |
| **ACCESS HOLDINGS MANAGEMENT** | ) |
| **COMPANY, LLC,** a Delaware | ) |
| Corporation, | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S FOUNDATION
PARTNERS GROUP'S PRODUCTION OF DOCUMENTS AND FURTHER
DEPOSITION OF ROBERT BUKALA AND INCORPORATED MEMORANDUM
OF LAW**

Plaintiff Christine Hunsaker ("Plaintiff") pursuant to Federal Rule of Civil Procedure 37(a), Fed. R. Civ. P 30(d), and this Court's Discovery Procedures, respectfully moves this Court for an order compelling Defendant Foundation Partners Group, LLC ("Defendant") to produce documents responsive to Plaintiff's discovery request and to produce Robert Bukala for up to three hours of additional deposition examination. Plaintiff further seeks the attorneys' fees incurred to bring this motion.

        **I.**     **FACTUAL BACKGROUND**

Plaintiff asserts claims of sex discrimination and retaliation and retaliation under the Florida Whistleblower Act. (Doc. 1 at 14-17.) Plaintiff alleges that from the outset of her tenure with Defendant, Robert Bukala, Defendant's Chief Executive Officer ("CEO")

1

undermined Plaintiff's effectiveness or contributions to FPG and excluded her and other women. (*Id.* at ¶¶ 21-31, 52-65, 67). In addition, Plaintiff alleges that Mr. Bukala refused to consider or address numerous safety issues that Plaintiff raised related to the health, safety, and legal/regulatory compliance of Defendant's operations. (*Id.* at ¶¶ 32-34, 36-51). After Plaintiff complained to Mr. Bukala, he terminated her. (*Id.* at ¶ 68).

On February 6, 2020, Plaintiff's counsel wrote Defendant's counsel regarding deficiencies in Defendant's response to Plaintiff's First Request for Production of Documents. (Ex. 1.) On February 19, 2020, Defendant served its Amended Responses to Plaintiff's First Request for Production of Documents. On March 5, 2020, Plaintiff advised Defendant of uncured deficiencies in its responses and production. (Ex. 2.) The parties subsequently have conferred via email and telephonically.[1]

On January 9, Defendant took Plaintiff's deposition. The deposition lasted for seven hours. Plaintiff agreed to Defendant having three hours of additional time to examine Plaintiff at a later date.

On March 2, 2020, Plaintiff took the deposition of Robert Bukala, Defendant's Chief Executive Officer and the decision maker with respect to Plaintiff's discrimination. Following the conclusion of the seven hour period, Plaintiff's counsel requested the same additional time to depose Mr. Bukala that Plaintiff had granted Defendant for Plaintiff but

---

[1] Shortly before Plaintiff filed this motion, Defendant served Second Supplemental Responses to Plaintiff's Request for Production of Documents. Due to the time of service, Plaintiff has not fully reviewed all responses but they appear to incorporate the agreements the parties reached through conferral. Plaintiff still, however, seeks the documents specified herein.

Defendant's counsel refused. The parties subsequently exchanged written communications on this issue and have conferred by telephone.

## II.     ARGUMENT

### A.     The Court Should Compel Robert Bukala to Appear for Additional Deposition Testimony

Although a deposition is normally limited to 1 day of 7 hours. The Court "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." In this case, Plaintiff requires an additional three hours to fairly examine Mr. Bukala.

As noted, Mr. Bukala is Defendant's CEO. He was also the decision maker in Plaintiff's termination and the majority of Plaintiff's allegations of discrimination and retaliation address Mr. Bukala's conduct. The two central figures in this case are Plaintiff and Mr. Bukala. Plaintiff agreed to Defendant having an additional three hours to depose Plaintiff. Fairness and equity demand that Plaintiff receive the same additional time to depose Mr. Bukala.

Moreover, between them, the parties have produced approximately 9,000 to 10,000 pages of documents in this litigation.[2] Given the necessity to Plaintiff of questioning Mr. Bukala on a great number of additional documents, the Court should grant Plaintiff the requested additional time. *See, e.g*., Dunkin' Donuts Inc. v. Mary's Donuts, Inc., 206 F.R.D. 518, 522 (S.D. Fla. 2002) (allowing additional deposition time

---

[2] The exact number is difficult to ascertain due to certain gaps in Defendant's production.

(14 hours over 2 days) in part due to the large volume of documents in the case – approximately 10,000 pages).

Additionally, certain documents were referenced for the first time during Mr. Bukala's testimony and, as reflected herein, Plaintiff still seeks additional documents from Defendant. "If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred." Rule 30, Fed.R.Civ.P., Advisory Committee Note. See also, Pace v. City of Palmetto, No. 8:05-CV-1221-T-27EAJ, 2007 WL 470477, at *2 (M.D. Fla. Feb. 13, 2007) (noting that "Plaintiff did not have all of the relevant documents during the first deposition. Therefore, Plaintiff has demonstrated good cause under Fed.R.Civ.P. 30(d)(2) for extending the deposition beyond seven hours.")

Mr. Bukala's testimony is essential and given the volume of documents in this case and Plaintiff's motion to compel additional documents, Plaintiff has not been able to conduct a full and fair examination of Mr. Bukala. The Court should grant Plaintiff's motion on this issue and permit Plaintiff to have an additional three hours of time to depose Mr. Bukala.

### B. The Court Should Compel Defendant's Production of Documents

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). Relevant discovery is defined broadly as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter

that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). The items sought by Plaintiff are relevant, probative, and should be produced.

1. Missing attachments to emails and documents[3]

As an initial matter, Defendant produced a large volume of emails and at least one document without attachments included. The emails and document that have missing attachments cover a variety of subjects of importance and relevance to Plaintiff's case. Plaintiff has counted approximately 182 emails with missing attachments. Additionally, one document is missing an attachment (apparently the Plan for Plaintiff's Profits Awards Agreement) which is an essential document for purposes of calculating Plaintiff's damages and is covered by Plaintiff's discovery requests. The Court should compel production of the missing attachments. *Antoine v. Sch. Bd. of Collier Cty., Fla.*, 2019 WL 4453081, at *8 (M.D. Fla. Jan. 16, 2019) (requiring production of attachments where defense counsel stated it would produce the attachments); *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 645 n.9 (S.D. Fla. 2011) ("Some of the emails reference attachments which have not been provided to the court. The attachments are part of the correspondence, thus they are responsive to the document requests (which ask for 'all correspondence') and must be produced.")

---

[3] The parties have conferred on this issue and Plaintiff understands Defendant is reviewing this issue and will produce missing attachments. The parties agreed that non-substantive attachments such as a company logo need not be included. Because Defendant has not yet produced the attachments and today is the close of written discovery, Plaintiff is including this item in its motion. Upon Defendant's production of the attachments, Plaintiff will amend its motion to remove this item.

2. Defendant's baseless objections to requests for production of documents and failure to produce certain documents.

The requests are included verbatim with Defendant's response to same immediately below the request.

*Request 5.* *All personnel records for Plaintiff (including, but not limited to, the entire personnel file, all human resource documents, all disciplinary documents, all performance reviews, all supervisor desk files, and salary and benefit information).*

**Response:** Defendant will produce the documents requested.

*Request 16.* *To the extent not encompassed by Plaintiff's previous requests, produce all documents concerning:*

  *a. Records of wages, bonuses, or any other monies paid to Plaintiff;*
  *b. Employee benefit plan documents and summary plan descriptions applicable to Plaintiff during her employment;;*
  *c. Evaluations of Plaintiff's performance.*

**Response:** Defendant will produce the documents requested.

**Argument by Plaintiff:** Although Defendant has agreed to produce responsive documents (and has produced many of them) responsive to Requests 5 and 16, Plaintiff still seeks other relevant documents essential to proving damages. These include the missing stock plan attachment referenced above as well as any additional benefit information reflecting the value of stock options, insurance and other benefits Plaintiff lost as a result of her termination. Such items are essential for proving damages and should be produced. [4]

---

[4] The parties have conferred on the issue of these additional documents and Plaintiff understands Defendant is reviewing this issue. Because Defendant has not yet produced the documents and today is the close of written discovery, Plaintiff is including this item

*Request 15.* All documents concerning any insurance coverage or indemnity agreements that may cover, in whole or in part, the claim(s) of Plaintiff in this lawsuit.

**Response:** Defendant will produce the documents requested.

**Argument by Plaintiff**: Defendants have agreed to produce this item but have not yet done so. Because Defendant has not yet produced the document and today is the close of written discovery, Plaintiff is including this item in its motion out of an abundance of caution. Upon Defendant's production of the responsive document, Plaintiff will amend its motion to remove this item.

*Request 18.* For the time period 2017 to date, all documents concerning Hepatitis B vaccination status for Defendant's employees.

**Response:** Defendant objects to this request on the grounds that it seeks irrelevant matters, is immaterial, and is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request for all documents "concerning" vaccinations is vague, ambiguous, unduly burdensome, and overly broad on its face. It is unclear what such documents "concerning" vaccination status would be or what categories they may fall into in order to enable a response to this Request. Furthermore, this Request "unfairly places the onus of nonproduction on the recipient of the request and not where it belongs – upon the person who drafted such a sloppy request." *Carter v. Archdale Police Dep't,* 2014 WL 1774471, at *5 (M.D.N.C. 2014) (noting that "a request for all documents 'relating to' a subject is usually subject to criticism as overbroad since . . . all documents 'relate' to all others in some remote fashion"); see also *Aikens v. Deluxe Fin. Servs., Inc.,* 217 F.R.D. 533, 538 (D. Kan. 2003) ("[A] request or interrogatory is unduly burdensome on its face if it uses the omnibus term "relating to" or "regarding" with respect to a general category or group of documents. These cases reason that such broad language makes 'arduous the task of deciding which of numerous documents may conceivably fall within their scope.' The use of such omnibus terms also requires the answering party to 'engage in mental gymnastics to determine what information may or

---

in its motion out of an abundance of caution. Upon Defendant's production of the responsive additional documents, Plaintiff will amend its motion to remove this item.

may not be remotely responsive.'"). Defendant further objects that this request is not reasonably limited in temporal scope. Plaintiff was only employed by Defendant for an approximately 4 month time period between October 2017 and January 2018, yet this request seeks documents regarding a more than three-year time period, during 90% of which Plaintiff was not employed by Defendant. Accordingly, this request appears to be a mere fishing expedition for documents not relevant to Plaintiff's allegations, Defendant's defenses and the central issue of whether Plaintiff complained of alleged violations of any laws, rules, or regulations *during her employment* and whether she was retaliated against for such complaints.

Defendant also objects to this request on the grounds that it seeks HIPAA protected documents. This Request conceivably seeks vaccination records for each of Defendant's employees, which in addition to the above concerns, is a violation of such employees' privacy standards and the protections provided by HIPAA.

**Argument by Plaintiff**: In conferring with Defendant on this request, Plaintiff offered to limit the timing of the request to 2017-2019 and to accept redacted records removing any identifying information for the individuals who received the vaccinations. Defendant has refused to produce responsive documents, even as limited.

The request is relevant because one of Plaintiff's allegations is that she "identified to Mr. Bukala and objected to numerous conditions that violated OSHA rules and requirements, including non-compliant or non-existent hazard communication, lack of Hepatitis vaccinations and similar protections for proper handling of blood-borne pathogens, improper record keeping, and deficiencies in or complete lack of personal protective equipment." (Doc. 1 at ¶ 45.) Defendant has denied this allegation. (Doc. 29 at ¶ 45.)

Documents and information regarding the existence of the very issues about which Plaintiff alleges she complained are clearly relevant to Plaintiff's basis and reasonable belief in objecting to such issues. To the extent there is a division within this

8

judicial district concerning proof of Whistleblower Act claims, *compare Burns v. Medtronic, Inc.*, No. 8:15-CV-2330-T17-TBM, 2016 WL 3769369, at *5 (M.D. Fla. July 12, 2016) (holding that a Florida Whistleblower Act "claim need only be supported by a plausible allegation of what Plaintiff, in good faith, believes to be a violation of a law, rule or regulation") *with Graddy v. Wal-Mart Stores East, LP*, 237 F. Supp. 3d 1223, 1226-27 (M.D. Fla. 2017) (adopting the "actual violation" standard) the format of the records, or lack thereof is obviously probative to Plaintiff's claims and proof under either standard and they should be produced.

*Request 21.* All documents concerning capital expenditures made by Defendant for 2017 to present.

**Response:** Defendant objects to this request on the grounds that it seeks irrelevant matters, is immaterial, and is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request for all documents "concerning" any capital expenditures made at any of Defendant's 139 facilities is vague, ambiguous, unduly burdensome, and overly broad on its face. It is unclear what such documents "concerning" capital expenditures would be or what categories they may fall into in order to enable a response to this Request. Furthermore, this Request "unfairly places the onus of non-production on the recipient of the request and not where it belongs – upon the person who drafted such a sloppy request." *Carter v. Archdale Police Dep't,* 2014 WL 1774471, at *5 (M.D. N.C. 2014) (noting that "a request for all documents 'relating to' a subject is usually subject to criticism as overbroad since . . . all documents 'relate' to all others in some remote fashion"); see also *Aikens v. Deluxe Fin. Servs., Inc.,* 217 F.R.D. 533, 538 (D. Kan. 2003) ("[A] request or interrogatory is unduly burdensome on its face if it uses the omnibus term "relating to" or "regarding" with respect to a general category or group of documents. These cases reason that such broad language makes 'arduous the task of deciding which of numerous documents may conceivably fall within their scope.' The use of such omnibus terms also requires the answering party to 'engage in mental gymnastics to determine what information may or may not be remotely responsive.'"). This request, as drafted appears to be a mere fishing expedition seeking potentially innumerable documents, the vast majority of which would be completely irrelevant to Plaintiff's allegations, Defendant's defenses and the central issue of whether Plaintiff complained of alleged violations of any laws, rules, or regulations *during her employment* and whether she was retaliated against for such complaints.

Defendant further objects that this request is not reasonably limited in temporal scope. Plaintiff was only employed by Defendant for an approximately 4 month time period between October 2017 and January 2018, yet this request seeks documents regarding a more than three year time period, during 90% of which Plaintiff was not employed by Defendant.

**Argument by Plaintiff**: The parties conferred and Plaintiff agreed to narrow the scope of the request to those requests submitted by Plaintiff or the Area Vice Presidents under Plaintiffs supervision and Defendant's response to same. Defendant has agreed to produce responsive items but have not yet done so. Because Defendant has not yet produced the documents and today is the close of written discovery, Plaintiff is including this item in its motion out of an abundance of caution. Upon Defendant's production of the responsive document, Plaintiff will amend its motion to remove this item.

*Request 27.     Defendant's OSHA 300 logs and 301 Forms from 2016 to present.*

<u>**Response:**</u> Defendant objects to this request on the grounds that it is irrelevant and immaterial, and is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request for all OSHA 300 logs or 301 forms made at any of Defendant's 139 facilities (regardless of whether Plaintiff was even aware of them or if they were in any way connected to any concern that Plaintiff allegedly raised) is unduly burdensome, and overly broad on its face. This request, as drafted appears to be a mere fishing expedition for documents which would be completely irrelevant to Plaintiff's allegations, Defendant's defenses and the central issue of whether Plaintiff complained of alleged violations of any laws, rules, or regulations *during her employment* and whether she was retaliated against for such complaints. Plaintiff has not made any allegation that she reported any workers' compensation claims to Defendant. Defendant further objects that this request is not reasonably limited in temporal scope or geographical proximity. Plaintiff was only employed by Defendant for an approximately 4 month time period between October 2017 and January 2018, yet this request seeks documents regarding a more than four-year time period, during more than 90% of which Plaintiff was not employed by Defendant.

**Argument by Plaintiff:** Plaintiff offered to limit the scope of this request to 2017-2019. Defendant, however, has refused to produce the requested documents as limited.

Employers are generally required by OSHA for injury and illness recordkeeping forms. (https://www.osha.gov/recordkeeping/RKforms.html) (last visited on April 17, 2020). Thus, the data contained in the forms is relevant for Plaintiff's case because Plaintiff alleges she complained about a number of safety and health hazards, including "improper record keeping" (doc. 1 at ¶ 45) which Defendant rebuffed. Injury and illness records are relevant both for Plaintiff's reasonable belief that such hazards existed but also in establishing, if necessary, a legal or regulatory violation about which Plaintiff complained. The Court should order Defendant to produce these documents as limited by Plaintiff in conferral with Defendant.

> *Request 36.   All documents concerning communications from any employee or agent of Defendant regarding health, safety, or repair issues for any of Defendant's facilities or properties from 2016 to present.*

**Response:** Defendant objects to this request on the grounds that it is irrelevant and immaterial, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the grounds that it seeks confidential documents. Specifically, the request for all documents "concerning" any communications regarding safety, health, or repairs from any employee at any of Defendant's 139 facilities (regardless of whether Plaintiff even aware of them or if they were in any way connected to any concern that Plaintiff allegedly raised) is vague, ambiguous, unduly burdensome, and overly broad on its face. Furthermore, this Request "unfairly places the onus of non-production on the recipient of the request and not where it belongs – upon the person who drafted such a sloppy request." *Carter v. Archdale Police Dep't,* 2014 WL 1774471, at *5 (M.D. N.C. 2014) (noting that "a request for all documents 'relating to' a subject is usually subject to criticism as overbroad since . . . all documents 'relate' to all others in some remote fashion"); see also *Aikens v. Deluxe Fin. Servs., Inc.,* 217 F.R.D. 533, 538 (D. Kan. 2003) ("[A] request or interrogatory is unduly burdensome on its face if it uses the omnibus term "relating to" or "regarding" with respect to a general category or group of documents. These cases reason that such broad language makes 'arduous the task of deciding which of numerous documents may conceivably fall within their scope.' The use of such omnibus terms also requires the answering party to 'engage in mental gymnastics to determine what information may or may not be remotely responsive.'"). This request, as drafted, would require Defendant to search every single e-mail account to determine if, for example, any employee ever sent

11

an e-mail regarding a repair that needed to be made at any of Defendant's 139 facilities. This request, as drafted, appears to be a mere fishing expedition seeking documents which would be completely irrelevant to Plaintiff's allegations, Defendant's defenses and the central issue of whether Plaintiff complained of alleged violations of any laws, rules, or regulations *during her employment* and whether she was retaliated against for such complaints. Defendant further objects that this request is not reasonably limited in temporal scope or geographical proximity. Plaintiff was only employed by Defendant for an approximately 4 month time period between October 2017 and January 2018, yet this request seeks documents regarding a more than four-year time period, during more than 90% of which Plaintiff was not employed by Defendant.

Finally, Defendant objects to the extent that this Request seeks communications between Defendant and its attorneys, as such communications would be protected by the attorney-client privilege.

**Argument by Plaintiff:** In conferral with Defendant, Plaintiff offered to limit the scope of this request to 2017-2018 time period and seek only the actual complaint or communication itself and the document reflecting the response to same from Defendant. Plaintiff further offered to limit the scope to only those complaints that reached Defendant's corporate offices. Plaintiff has agreed to produce documents subject to this limitation but has not yet done so. Because Defendant has not yet produced the documents and today is the close of written discovery, Plaintiff is including this item in its motion out of an abundance of caution. Upon Defendant's production of the responsive documents, Plaintiff will amend its motion to remove this item.

*Request 38.    All documents concerning repairs to or maintenance of any equipment in use at Defendant's crematory facilities from 2016 to present.*

<u>**Response**</u>**:** Defendant objects to this request on the grounds that it is irrelevant and immaterial, and is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request for all documents "concerning" any repairs to or maintenance to any piece of equipment in any of Defendant's facilities is vague, ambiguous, unduly burdensome, and overly broad on its face. It is unclear what such documents "concerning" such repairs would be or what categories they may fall into in order to enable a response to this Request. Furthermore, this Request "unfairly places the

onus of non-production on the recipient of the request and not where it belongs – upon the person who drafted such a sloppy request." *Carter v. Archdale Police Dep't,* 2014 WL 1774471, at *5 (M.D. N.C. 2014) (noting that "a request for all documents 'relating to' a subject is usually subject to criticism as overbroad since . . . all documents 'relate' to all others in some remote fashion"); see also *Aikens v. Deluxe Fin. Servs., Inc.,* 217 F.R.D. 533, 538 (D. Kan. 2003) ("[A] request or interrogatory is unduly burdensome on its face if it uses the omnibus term "relating to" or "regarding" with respect to a general category or group of documents. These cases reason that such broad language makes 'arduous the task of deciding which of numerous documents may conceivably fall within their scope.' The use of such omnibus terms also requires the answering party to 'engage in mental gymnastics to determine what information may or may not be remotely responsive.'"). For example, as drafted, this Request would appear to encompass every single invoice for a repair done at any of Defendant's crematory facilities, regardless of whether Plaintiff had ever raised any concern about such facility. Accordingly, this request, as drafted appears to be a mere fishing expedition seeking potentially innumerable documents, the vast majority of which would be completely irrelevant to Plaintiff's allegations, Defendant's defenses and the central issue of whether Plaintiff complained of alleged violations of any laws, rules, or regulations *during her employment* and whether she was retaliated against for such complaints. Defendant further objects that this request is not reasonably limited in temporal scope. Plaintiff was only employed by Defendant for an approximately 4 month time period between October 2017 and January 2018, yet this request seeks documents regarding a more than four year time period, during more than 90% of which Plaintiff was not employed by Defendant.

**Argument by Plaintiff:** In conferral with Defendant, Plaintiff offered to limit the temporal scope of this request for maintenance logs or records and understands Defendant has agreed. Because Defendant has not yet produced the documents and today is the close of written discovery, Plaintiff is including this item in its motion out of an abundance of caution. Upon Defendant's production of the responsive documents, Plaintiff will amend its motion to remove this item.

*Request 42.     Documents recording or evidencing Defendant's revenues, profits, and net worth for the years 2016 through the present.*

13

**Response:** Defendant objects to this request to the extent it is premature to seek such documents. They are irrelevant and immaterial at this phase of litigation.

**Argument by Plaintiff:** Plaintiff offered to limit this request to the 2018-2020 time period and for only the official statements or record reflecting the requested data but Defendant has refused to produce them. Such evidence is relevant and discoverable for two key reasons. First, because part of Plaintiff's damages claim involves lost stock awards and opportunities, the requested documents are important for damages valuation. Second, Plaintiff seeks punitive damages in this case. It is well-established that "[w]here there is a claim for punitive damages, a defendant's financial condition becomes relevant because the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive damage award." *Regions Bank v. Kaplan*, No. 8:12-CV-1837-T-17MAP, 2016 WL 2771791, at *1 (M.D. Fla. May 12, 2016)( citing *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1216 (11th Cir. 2010); *Gottwald v. Producers Group I, LLC*, 2013 WL 1776154 at *3 (S.D. Fla. April 25, 2013); *Soliday v. 7-Eleven, Inc.*, 2013 WL 4537903 at *2 (M.D. Fla. Nov. 3, 2010). Accordingly, the Court should compel Defendant to produce the responsive documents.

### C.     The Court Should Award Plaintiff her Fees in Bringing this Motion

Pursuant to Fed. R. Civ. P. 37, Plaintiff further requests that the Court grant Plaintiff its reasonable expenses incurred in making this motion, including attorney's fees.

*Dated: April 17, 2020*

Respectfully submitted,

/s/ *Thomas J. Mew*
Thomas J. Mew (pro hac vice)
Georgia Bar No. 503447
Edward D. Buckley (pro hac vice)
Georgia Bar No. 092750

MARTHA A. CHAPMAN, P.A.
Florida Bar No. 4464
1219 E. Livingston Street
Orlando, FL 32803
Tel: 407-896-4835
Fax: 407-574-7912
marty@martychapmanlaw.net

Attorney for Plaintiff

Edward D. Buckley
Georgia Bar No. 092750
Thomas J. Mew
Georgia Bar No. 503447
BUCKLEY BEAL, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, GA  30308
Tel:  (404) 781-1100
Fax:  (404) 781-1101
edbuckley@buckleybeal.com
tmew@buckleybeal.com

Attorneys for Plaintiff

## LOCAL RULE 3.01(g) CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 3.01(g) of the Middle District of Florida, I hereby certify that I, as counsel for Plaintiff have conferred with opposing counsel for Defendant, including, but not limited to, telephonic discussions, regarding the issues raised in this motion. Counsel for Defendant does not agree to the relief requested herein.

*Dated: April 17, 2020*

/s/ *Thomas J. Mew*
Thomas J. Mew (pro hac vice)
Georgia Bar No. 503447
Edward D. Buckley (pro hac vice)
Georgia Bar No. 092750

MARTHA A. CHAPMAN, P.A.
Florida Bar No. 4464
1219 E. Livingston Street
Orlando, FL 32803
Tel: 407-896-4835
Fax: 407-574-7912
marty@martychapmanlaw.net

Attorney for Plaintiff

Edward D. Buckley
Georgia Bar No. 092750
Thomas J. Mew
Georgia Bar No. 503447
BUCKLEY BEAL, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, GA 30308
Tel: (404) 781-1100
Fax: (404) 781-1101
edbuckley@buckleybeal.com
tmew@buckleybeal.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **CHRISTINE HUNSAKER,** )<br>)<br>   **Plaintiff,** )<br>)<br>)<br>)<br>**v.** )<br>)<br>**FOUNDATION PARTNERS GROUP,** )<br>LLC, a Florida Corporation, and )<br>**ACCESS HOLDINGS MANAGEMENT** )<br>**COMPANY, LLC,** a Delaware )<br>Corporation, )<br>)<br>**Defendants.** )<br>_____) | **CIVIL ACTION FILE NO.:**<br>**6:18-cv-1996-Orl-22DCI** |

## CERTIFICATE OF SERVICE

I certify that on April 17 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send electronic notification of such filing to all counsel or parties of record who have appeared in this case.

I further Certify that to the best of my knowledge there are not any non-CM-ECF participants who have appeared in this case that require notification of this response via U.S. mail.

/s/ *Thomas J. Mew*
Thomas J. Mew (pro hac vice)
Georgia Bar No. 503447
