# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTINE HUNSAKER,**

            **Plaintiff,**

v.                                                    Case No:   6:18-cv-1996-Orl-22DCI

**FOUNDATION PARTNERS GROUP, LLC,**

            **Defendant.**

_____

## ORDER

This cause comes before the Court on consideration of the Objections (Doc. 65) by Defendant Foundation Partners Group, LLC ("Foundation") to two discovery orders by the Magistrate Judge: (1) denying Defendant's Motion for Extension of Time to Serve Rule 35 Motion; and (2) denying Defendant's Motion to Compel Plaintiff's Answers to Interrogatories. (Docs. 63, 64). The Foundation's Objection argues that Magistrate Judge Irick's findings unjustly penalized it for conduct attributable solely to Plaintiff Christine Hunsaker and her counsel. Plaintiff filed a Response to the Objections on June 16, 2020. (Doc. 66). Because the Court finds the non-dispositive orders are not "clearly erroneous" or "contrary to law" under the deferential standard of review, the Magistrate Judge's rulings will be affirmed.

## I. BACKGROUND

The dispute between the parties arises out of Plaintiff's employment as Chief Operating Officer of the Foundation and her subsequent termination. (Doc. 1). The Foundation is a provider of funeral, cemetery, and cremation services and products. (*Id*. at ¶ 13). On November 19, 2018, Plaintiff filed this suit alleging claims for sex discrimination and retaliation in violation of Title VII, as well as retaliation in violation of Florida's Whistleblower Act. (*Id*. at ¶ 73, 82, 88). Plaintiff

alleges that she was terminated after she objected to numerous safety violations at the Foundation's facilities and she was replaced by a less qualified male employee. (*Id.* at ¶ 68-70).

On January 30, 2019, this Court entered a Case Management and Scheduling Order setting the discovery deadline in this case as April 17, 2020—more than a year after discovery opened on January 24, 2019. (Doc. 33). On the last day of the discovery period, April 17, 2020 at 2:55 p.m., the Foundation filed its Motion for Extension of Time to serve a Rule 35 Motion to Compel a mental examination, requesting a 31-day extension. (Doc. 52). In the Motion, the Foundation stated that on April 14, 2020, Plaintiff served her Second Supplemental Amended Answers and Objections to the Foundation's first set of interrogatories and, for the first time in this case, stated that she is seeking $500,000 in compensatory damages for the emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life claimed in her Complaint. (Doc. 1 at 18). The Foundation argued that $500,000 is far from the "garden-variety" compensatory damages and, had it known Plaintiff was seeking that amount, it would have moved for an order compelling a Rule 35 mental examination sooner in the discovery period.

Judge Irick denied the Motion for failure to state good cause for the requested extension. (Doc. 63). He found that Plaintiff had made it clear in the November 11, 2018 Complaint that she was seeking compensatory damages, and where the only apparent grounds for the requested extension is the subsequent disclosure of a specific dollar amount sought, the argument for the extension was unpersuasive. Further, Judge Irick noted that the Court takes a dim view of a party seeking to extend a deadline on the day of the deadline because it makes no provision for the denial of the party's request.

Additionally, on the April 17, 2020 discovery deadline, the Foundation filed a Renewed Motion to Compel Plaintiff's Answers to Interrogatories and Deposition Inquiries. (Doc. 53). In its Motion, the Foundation sought an order compelling Plaintiff "to fully and completely answer

interrogatories regarding her claimed damages, to amend her Rule 26(a)(1)(A)(iii) initial disclosures, and to answer deposition inquiries regarding her Occupational Safety and Health Administration (OSHA) retaliation complaint." In considering the Foundation's Motion to Compel Plaintiff to answer questions related to the OSHA complaint during the January 9, 2020 deposition, Judge Irick found that the Foundation failed to address its discovery violation and failed to establish good cause for the extension. As to the Foundation's request to compel responses to specific interrogatories, Judge Irick found that each was due to be dismissed based on the Foundation's failure to request a more specific answer (Interrogatories 19, 24) and the overly broad and irrelevant inquiries (Interrogatory 21). The Foundation now files an Objection, arguing that Judge Irick erred in denying its requested extension to file a Rule 35 motion based on lack of good cause, failure to confer, and failure to timely raise issues with Plaintiff's deposition responses concerning her OSHA retaliation complaint.

## II. STANDARD

"A magistrate judge resolves a discovery motion by entry of a non-dispositive order pursuant to 28 U.S.C. § 636(b)(1)(A) and [Middle District of Florida Local Rule] 6.01(a)." *Ehlen Floor Covering, Inc. v. Lamb*, No. 2:07-CV-666-FTM-29DNF, 2010 WL 2734728, at *1 (M.D. Fla. July 8, 2010). "A magistrate judge's ruling on a non-dispositive matter must be affirmed unless it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2020 WL 980461, at *2 (M.D. Fla. Feb. 28, 2020) (citing 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, No. 3:05-cv-850-J-99MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). A finding is clearly erroneous if "the

reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

## III. ANALYSIS

The Foundation objects to Judge Irick's denials of the request for extension of time as well as the request to compel answers to the deposition and interrogatory inquires in the May 19 and May 26, 2020 Orders. The Foundation argues that Judge Irick ignored the merits of the Foundation's motions based on the "mistaken belief" that the motions were untimely filed, without good cause, and without adequate conferral with Plaintiff's counsel.

*A. The Foundation's Motion for Extension to Compel a Rule 35 Mental Examination*

The Foundation asserts that it was erroneously and unjustly penalized by Judge Irick's May 19 Order for Plaintiff's persistent refusal to disclose, until the "eleventh hour," the amount of damages sought for emotional distress. Judge Irick denied the Foundation's requested extension of time to compel a Rule 35 exam, stating:

> The Motion is due to be denied because it fails to state good cause for the requested 31-day extension. Indeed, the Court finds no basis to extend a deadline here, where Plaintiff made it clear that she seeks compensatory damages (including those related to emotional distress) in the complaint (which was filed on November 11, 2018) and where the only apparent grounds for the requested extension is the later disclosure of a specific dollar amount sought.

(Doc. 63 at 2). Judge Irick also noted the Court takes a "dim view" of a party seeking to extend a deadline on the date of the deadline because that party "makes no provision for a denial of their request" which allows for the deadline to "pass without court approval of the requested extension, resulting in a late filing, if the filing is allowed at all." (Id.).

The Foundation argues that Judge Irick failed to consider that Plaintiff's request for compensatory damages of $500,000 is a "far cry from the 'garden variety' damages Plaintiff's counsel asserted in Rule 26 disclosures and in three prior iterations of her answer to Interrogatory

24" such that the request put her mental condition in controversy for the purposes of a Rule 35 examination. Plaintiff responds that the cases relied upon by the Foundation in their Objection are distinguishable and that Plaintiff's requests are for garden-variety damages that do not call for a mental examination.

Rule 35 requires that a defendant "establish that plaintiff's mental condition or physical condition is 'in controversy' and must show 'good cause' for the mental or physical examination(s)." *Ali v. Wang Labs., Inc.*, 162 F.R.D. 165, 167 (M.D. Fla. 1995). This requires an affirmative showing that the mental or physical condition is "really and genuinely" in controversy and that good cause exists for each particular examination. *Robinson v. Jacksonville Shipyards, Inc.*, 118 F.R.D. 525, 527 (M.D. Fla. 1988). The Court must decide, by making a "discriminating application," whether the "in controversy" and "good cause" requirements have been adequately demonstrated by the production of sufficient information which allows the Court to perform its function under Rule 35(a). *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

The Foundation relies on *Ali* in arguing that claims for unusually high compensatory damages for emotional distress indicate "severe emotional distress" such that it puts a plaintiff's mental condition in controversy. The plaintiff in *Ali*, however, alleged much more severe mental and emotional distress—specifically, that he suffered "severe and permanent psychological damage" such as continuing and pervasive depression, extreme emotional distress, loss of self-esteem, and damage to his personal character and performance at work. 162 F.R.D. at 168. The court held that because the plaintiff's mental condition was in controversy "*and* substantial damages" were asserted, it was necessary for the plaintiff to undergo a mental examination. *Id.* (emphasis added).

The Foundation also relies on an unpublished Middle District of Florida decision,[1] in which the court relied on *Ali* in granting a Rule 35 motion. In *Salyer v. Amsouth Bank,* the plaintiff sought $250,000 in damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Case No. 8:04-CV-2543-T-17MAP (M.D. Fla., Nov. 5, 2005) (Doc. 25 at 2). The plaintiff also alleged, however, that the conduct of the defendant caused the plaintiff to suffer a relapse of Hepatitis C and, thus, caused her to develop severe depression and anxiety. (*Id.*).

In this case, Plaintiff is not alleging the kind of severe and extreme psychological damage alleged in *Ali* or the relapse of a health condition, followed by depression and anxiety, as alleged in *Salyer*. Instead, Plaintiff is alleging what is more akin to "garden-variety" psychological damages: emotional distress, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Plaintiff is not alleging severe mental distress, she has received no psychiatric care related to these claims, and she did not designate any expert on the issue. (*See* Doc. 66 at 2-5).

The Foundation also has not demonstrated that $500,000 in damages, without corresponding allegations of severe mental distress or relapse in a health condition and the subsequent psychological toll, is sufficient to put Plaintiff's mental condition in controversy. The Foundation has therefore failed to establish good cause for an extension of time to seek a mental examination here. Thus, Judge Irick's denial of the Foundation's request for an extension of time to serve a Rule 35 motion was not clearly erroneous and will be affirmed.[2]

### B. The Foundation's Motion to Compel OSHA-Related Testimony

The Foundation asserts that Judge Irick's Order (Doc. 64) denying its Motion to Compel the OSHA-related testimony improperly applied Local Rule 3.01(g), faulting the Foundation for

---

[1] The Foundation failed to attach a copy of the other unpublished decision it cites, *Herrin v. Avis Rent a Car System, Inc.*, Case No. 98-8238-CIV-RYSKAMP (S.D. Fla., Feb. 3, 1999).

[2] This ruling, of course, does not preclude cross-examination at trial on Plaintiff's allegations of the components of her claim for compensatory damages.

filing its Motion on the last day of the discovery period even though there was evidence the Foundation had attempted to resolve Plaintiff's responses to OSHA-related inquiries with opposing counsel. The Foundation sets forth the following timeline of events:

> At Plaintiff's deposition on January 9, 2020, Foundation asked Plaintiff questions regarding her OSHA retaliation complaint and its subsequent amendment by Plaintiff's attorney. Plaintiff's counsel repeatedly objected to all questions related to the OSHA complaint and instructed Plaintiff not to answer on the basis of attorney-client privilege. In response, Defendant's counsel explained that the attorney-client privilege did not apply due to the crime-fraud exception and provided Plaintiff's attorney with supporting case law. After considerable back and forth, counsel for both parties agreed that the issue would be revisited after Plaintiff's counsel reviewed the applicable law and discussed it with Plaintiff. A month later, on February 19, 2020, in a letter to Plaintiff's counsel, Defendant's counsel reminded "we have not heard from you with regard to the discussion of the crime-fraud exception to the attorney-client privilege that we have discussed at the first portion of Ms. Hunsaker's deposition as you committed to do at the time. Please advise as to your position." (Exhibit M, p.3.) The next day, on February 20, 2020, Defendant's counsel sent Plaintiff's counsel another letter for the specific purpose of attempting to conciliate several discovery disputes pursuant to Local Rule 3.01(g). Plaintiff's attorney responded on March 5, 2020, stating in pertinent part: "In regard to our assertion of attorney-client privilege with respect to certain deposition questions regarding Plaintiff's OSHA-charge, we have reviewed the authority you provided (and other authority) and do not believe it provides any legitimate basis permitting Defendant to invade the attorney-client privilege."

(Doc. 65 at 7-8). On March 27, 2020, the Foundation filed its first Motion to Compel and, as required by Local Rule 3.01(g), included a Certificate of Good Faith Conferral, citing the above quoted communications it had with Plaintiff's attorney; it also included quoted text from the discussions between counsel on the record at Plaintiff's deposition. (Doc. 47). Judge Irick denied without prejudice the Foundation's Motion to Compel by endorsed order on March 30, 2020, citing the Rule 3.01(g) requirement that counsel must do more than merely attempt to confer. (Doc. 48). The Foundation renewed its Motion to Compel the OSHA-related testimony (Doc. 53) on April 17, 2020, the last day of the extended[3] discovery period, which Judge Irick denied on May 26, 2020. (Doc. 64). The Foundation files an Objection to that ruling.

---

[3] *See* Doc. 50.

As noted above, Judge Irick's Order is critical of the Foundation's delay in seeking to compel testimony from Plaintiff relating "back to discovery served more than a year ago." (Doc. 64 at 2). He noted the "parties stated that they were in the process of continuing to confer and limit the issues before the Court . . . [and] sought another 14 days to respond to the discovery motions because they were conferring and working together to resolve these discovery disputes *afte*r the close of the discovery period" following his previous denial of the initial discovery motion for failure to confer with opposing counsel. (*Id.* (citing Local Rule 3.01(g)). "[G]iven the lengthy discovery period and the parties' initial failures to confer properly or timely raise these discovery issues, the Court found that the reasons proffered by the parties did not constitute good cause for an extension of time." (*Id.* (citing Doc. 56)). He ended up granting the short extension, "given the Court's desire to have the parties resolve these issues amicably on their own accord, the parties were given an additional week to continue to confer." (*Id.*).

In considering the Foundation's Motion to Compel he prefaced his decision by pointing out:

> There is significant case law in this District that supports a finding that the parties' belated discovery motions are unreasonable and untimely. "While there is no local or federal rule setting a precise deadline for the filing of a motion to compel, it is clear that any such motion must be filed within a 'reasonable time' period." *Coleman v. Starbucks*, 2015 WL 2449582, at *8 (M.D. Fla. May 22, 2015) (citations omitted). "By virtue of failing to address a discovery violation when the movant first learns of the issue, a party risks waiving the issue." *Goears v. L.A. Entertainment Group, Inc.*, 2017 U.S. Dist. LEXIS 91093 (M.D. Fla. June 14, 2017) (citations omitted); *see also, Oil Consulting Enterprise, Inc. v. Hawker Beechcraft Global Customer Support, LLC*, 2017 WL 7355128, at *3 (M.D. Fla. Dec. 21, 2017) ("[F]iling a substantive motion to compel on the last day of discovery does not comply with the policy of the Middle District of Florida for the completion of discovery and the resolution of issues related to discovery prior to the discovery deadline.").

> Here, discovery was open for over 15 months, and the discovery requests underlying the motions were served at the outset of that discovery period. However, these discovery issues were not properly raised to the Court until late on the afternoon and into the evening on the day of the discovery deadline. Nevertheless, the Court will consider each Motion in turn.

(Doc. 64 at 3).

As to the OSHA-related deposition responses the Foundation sought during Plaintiff's

deposition, Judge Irick found:

> According to [the] Foundation, Plaintiff filed an OSHA complaint on February 14,
> 2018 and amended that complaint on April 11, 2018. Doc. 53 at 15. Foundation
> argues that Plaintiff improperly refused to answer questions related to the OSHA
> complaint during a deposition on January 9, 2020 based on attorney-client
> privilege, which Foundation argues does not apply. See Doc. 53 at 10-16. Thus,
> Foundation argues that the Court should compel Plaintiff to answer Foundation's
> deposition questions regarding the filing of Plaintiff's OSHA complaint. *See* Doc.
> 53 at 10-16. The Court disagrees.
>
> The operative complaint in this case was filed on November 19, 2018, and
> Foundation did not conduct this deposition until January 9, 2020. Doc. 53 at 10. In
> its Motion, Foundation does not mention the date upon which it initially deposed
> Plaintiff, the fact that discovery is now closed, or the fact that Foundation's Motion
> was filed on the afternoon of the discovery deadline; nor does Foundation argue
> that it diligently worked to meet the discovery deadline in this case but was unable
> to do so. Foundation has therefore failed to establish good cause for an extension
> of time beyond the discovery deadline. Additionally, "[b]y virtue of failing to
> address a discovery violation when the movant first learns of the issue, a party risks
> waiving the issue." *Goears*, 2017 U.S. Dist. LEXIS 91093 (M.D. Fla. June 14,
> 2017) (citations omitted); *see also, Oil Consulting Enterprise*, 2017 WL 7355128
> at *3 ("[F]iling a substantive motion to compel on the last day of discovery does
> not comply with the policy of the Middle District of Florida for the completion of
> discovery and the resolution of issues related to discovery prior to the discovery
> deadline."). Given the lengthy discovery period and Foundation's initial failures to
> confer properly or timely raise this discovery issue, the Court finds that
> Foundation's Motion is due to be denied with respect to the OSHA deposition
> questions.

(*Id*. at 8-9). The Foundation argues that it made "multiple oral and written attempts" to resolve the

matter with opposing counsel, but it has failed to establish that Judge Irick's denial of its motion,

filed on the last day of the discovery period, was an abuse of discretion. It is undisputed, as Judge

Irick found, that the Foundation failed to mention the date upon which it initially deposed Plaintiff,

or that the Motion was filed on the last day of the discovery period, which had closed by the time

the Motion became ripe. He also found that the Foundation had failed to "diligently work[] to meet

the discovery deadline." A party's lengthy delay in seeking relief in a discovery matter is an

appropriate reasons for denying a motion to compel discovery which would necessarily be conducted beyond the discovery deadline (without regard to whether the party intended to include it in a summary judgment motion).[4]

The Foundation also fails to make a persuasive argument as to the OSHA complaint and Plaintiff's alleged fraud. The Foundation argued in its Motion to Compel that Plaintiff perjured herself in her first complaint to OSHA, necessitating an amended complaint, and therefore such deposition inquiry about the complaint could not be protected by attorney-client privilege due to the crime-fraud exception. Plaintiff responds that the Foundation failed to demonstrate a *prima facie* showing that she was engaged in fraud or a crime.

In deciding whether the crime-fraud exception applies to a communication between a lawyer and his client, courts apply a two-part test:

> First, there must be a *prima facie* showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice. Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it.

*In re Grand Jury Investigation*, 842 F.2d 1223, 1226 (11th Cir. 1987). The Foundation failed to demonstrate Plaintiff's conduct meets the first prong of the test. It is not sufficient for the Foundation to allege that simply because Plaintiff amended her OSHA complaint to remove certain allegations, she was engaging in or planning to engage in criminal or fraudulent conduct when she sought the advice of counsel. OSHA allows for amendment of complaints and the argument that such an amendment deems the first complaint to be fraudulent is without merit. *See* 29 C.F.R 1921.3(c) ("At any time prior to the close of the hearing, the complaint may be amended in the discretion of the hearing examiner and on such terms as he may approve."). Accordingly, Judge

---

[4] To the extent the Foundation intends to examine Plaintiff regarding communications with OSHA at trial, the Court will decide relevancy and privilege issues based on the evidence presented at trial.

Irick's denial of the Foundation's Motion to Compel was not clearly erroneous and will be affirmed.

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1.      Defendant's Objections (Doc. 65) to Magistrate Judge's May 19, 2020 (Doc. 63) and May 26, 2020 (Doc. 64) Orders are **OVERRULED.**

2.      Judge Irick's Orders (Docs. 63, 64) are **ADOPTED, AFFIRMED, and APPROVED.**

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 27, 2020.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record